UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DATO ABULADZE,

Petitioner,

v.

KEVIN RAYCRAFT et al.,

Respondents.

Case No. 1:26-cv-2459

Hon. Hala Y. Jarbou

# **OPINION**

Petitioner, a former United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1). For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## **Discussion**

### **I. Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner from custody. (Pet., ECF No. 1, PageID.12.)

In an order entered on September 1, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response on September 9, 2026, (ECF No. 7).

**II. Relevant Factual Background**

"Petitioner is a native and citizen of Georgia." (Notice to Appear (NTA), ECF No. 7-1, PageID.26.) Petitioner entered the United States without inspection on March 6, 2024, and shortly thereafter, Department of Homeland Security (DHS) agents encountered Petitioner. (*Id.*) At that time, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA). (*Id.*)

On July 7, 2025, an immigration court issued Petitioner an order of removal. (Pet., ECF No. 1, PageID.6.). The order of removal became administratively final on August 8, 2025. (*Id.*) Petitioner filed the present habeas petition on August 28, 2026. (ECF No. 1.)

Respondents state that Petitioner was removed from the United States on August 25, 2026, and that at that time, Petitioner was no longer in the custody of Respondent. (Resp., ECF No. 7, PageID.24; ICE Email Pertaining to Removal, ECF No. 7-2, PageID.30.)

**III. Legal Standard**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas*, 533 U.S. at 687; *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy—

'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

## IV. Analysis

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondent to release Petitioner from custody. (Pet., ECF No. 1, PageID.12.) Before initiating this action, Petitioner was removed from the United States and is no longer in Respondents' custody. (Resp., ECF No. 7, PageID.24; ICE Email Pertaining to Removal, ECF No. 7-2, PageID.30.)

As an initial matter, because Petitioner was not in ICE custody when he initiated this action, it is not clear that this Court had jurisdiction at the time that counsel filed the § 2241 petition. Moreover, even assuming the Court had jurisdiction, because the relief sought in Petitioner's § 2241 petition related to his detention, and he is no longer detained by Respondents, the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated: September 25, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE